IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEAN-FRANCOIS BENOIST; JOYCE K. MARVEL-BENOIST, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. BANK NATIONAL ASSOCIATION, a national bank association, AS TRUSTEE FOR JPM ALT 2006-A6; PHH MORTGAGE CORPORATION, a New Jersey corporation formerly CENDANT MORTGAGE CORP; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a New York Corporation; and DOES 1-100 inclusive, <br><br> Defendants. | ) CIVIL NO. 10-00350 JMS-KSC <br> ) <br> ) FINDINGS AND <br> ) RECOMMENDATION TO DENY <br> ) DEFENDANTS U.S. BANK <br> ) NATIONAL ASSOCIATION, AS <br> ) TRUSTEE AND PHH MORTGAGE <br> ) CORPORATION'S MOTION FOR <br> ) ATTORNEYS' FEES AND COSTS |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS U.S.
BANK NATIONAL ASSOCIATION, AS TRUSTEE AND PHH MORTGAGE
CORPORATION'S MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Defendants U.S. Bank National Association, as Trustee for JPM ALT 2006-A6 ("US Bank") and PHH Mortgage Corporation's ("PHH") (collectively "Defendants") Motion for Attorneys' Fees and Costs ("Motion"), filed November 29, 2012. On December 13, 2012, Defendants filed a Statement of

Consultation ("SOC"). Plaintiffs Jean-Francois Benoist and Joyce Marvel-Benoist (collectively "Plaintiffs") filed an Opposition on December 21, 2012. On January 7, 2013, Defendants filed a Reply.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After reviewing the Motion, the supporting and opposing memoranda, and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be DENIED for the reasons set forth below.

## BACKGROUND

As the Court and the parties are familiar with the history of this case, the Court includes only those facts relevant to the instant Motion.

On June 22, 2010, Plaintiffs commenced the instant action. On April 5, 2011, Plaintiffs filed a First Amended Complaint. On July 6, 2011, the Court approved a Stipulation permitting Plaintiffs to file a Second Amended Complaint ("SAC"). The SAC, filed on

July 6, 2011, pled the following causes of action: 1) violation of Hawaii Revised Statutes ("HRS") Chapter 667 - lack of legal right to foreclose; 2) violation of HRS § 667-5-10; 3) wrongful foreclosure; and 4) quiet title.

On August 3, 2012, U.S. District Judge J. Michael Seabright issued an Order Granting in Part and Denying in Part Defendant U.S. Bank National Association, as Trustee for PHH Mortgage Corporation's Motion for Summary Judgment ("SJ Order"). The SJ Order granted summary judgment with respect to Counts I and IV of the SAC. The SJ Order granted in part and denied in part the motion as to Count II. The motion was granted regarding Plaintiffs' claims about the down payment amount and credit bidding and about the publication of the auction location. However, Judge Seabright concluded that a genuine issue of material fact existed with respect to Plaintiffs' claim that US Bank failed to properly postpone the sale of the subject property. Judge Seabright denied summary judgment as to Count III.

On October 23, 2012, Judge Seabright held a bench trial. On November 15, 2012, Judge Seabright issued a Findings of Fact and Conclusions of Law. He concluded that 1) Plaintiffs failed to establish, by a preponderance of the evidence, that Defendants violated HRS § 667-5(d) and 2) Plaintiffs did not establish a basis for a misrepresentation claim. That same day, the Clerk entered judgment.

The present Motion followed.

## DISCUSSION

I.  Attorneys' Fees

  A.  Entitlement to Attorneys' Fees

Defendants argue that as the prevailing parties, they are entitled to $22,639.50 in attorneys' fees pursuant to HRS § 607-14, or alternatively, pursuant to section 9 of the Mortgage. Plaintiffs contend that the Motion should be denied because the action was not in the nature of assumpsit; an award of fees would be inequitable; and assuming an award was appropriate, the fees and costs should be apportioned to cover only the amount spent by PHH to defend against

Plaintiffs' breach of contract claims.

A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees.  See Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001).  Under Hawai'i law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted); DFS Group, L.P. v. Paiea Props., 110 Hawai'i 217, 219, 131 P.3d 500, 502 (2006) (quoting TSA Int'l, Ltd. v. Shimizu Corp., 92 Hawai'i 243, 263, 990 P.2d 713, 733 (1999) ("Generally, under the 'American Rule,' each party is responsible for paying his or her own litigation expenses.  A notable exception to the 'American Rule,' however, is the rule that attorneys' fees may be awarded to the prevailing party where such an award is provided for by statute, stipulation, or

5

agreement.")).

HRS § 607-14 is a statutory exception to the American Rule. <u>DFS</u>, 110 Hawai'i at 219, 131 P.3d at 502. It mandates the recovery of fees when a promissory note or contract provides for the same, in writing, or when an action is in the nature of assumpsit, and states, in pertinent part:

> In all the courts, **in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee**, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.
>
> Where the note or other contract in writing provides for a fee of twenty-five

>              per cent or more, or provides for a
>              reasonable attorney's fee, not more than
>              twenty-five per cent shall be allowed.

Haw. Rev. Stat. § 607-14 (emphasis added).  Attorneys' fees may therefore be awarded under HRS § 607-14 "in three types of cases: (1) all actions in the nature of assumpsit; (2) all actions on a promissory note; and (3) contracts in writing that provides for an attorney's fee."  Eastman v. McGowan, 86 Hawai'i 21, 31, 946 P.2d 1317, 1327 (1997).  A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable.  See Blair v. Ing, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001).

        1.    Assumpsit

Defendants argue that they are entitled to fees because Plaintiffs' claims arise out of the Mortgage executed in favor of PHH.  Defendants counter that the two claims that proceeded to trial were not in the nature of assumpsit.

a. <u>Prevailing Party</u>

Section 607-14 states that reasonable attorneys' fee shall be taxed in favor of the prevailing party and against the losing party in an action in the nature of assumpsit. The Hawaii courts have noted that "'[i]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be. . . .'" <u>MFD Partners v. Murphy</u>, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (quoting 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at 54-323-54-324, (2d ed. 1992)) (some alterations in original); <u>see</u> <u>also</u> <u>Village Park Cmty. Ass'n v. Nishimura</u>, 108 Hawai'i 487, 503, 122 P.3d 267, 283 (Haw. Ct. App. 2005) (citation omitted). Thus, under Hawaii law, in order to be deemed the prevailing party for purposes of § 607-14, Defendants must have obtained final judgment in their favor. Insofar as the Court entered final judgment in Defendants' favor, and they prevailed on all claims

asserted by Plaintiffs, they are the prevailing parties.[1]

                b.    <u>Nature of the Claims</u>

The Court's next inquiry is whether the claims are in the nature of assumpsit. "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." <u>808 Dev., LLC v. Murakami</u>, 111 Hawai'i 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphases, and quotation marks omitted); <u>Helfand v. Gerson</u>, 105 F.3d 530, 537 (9th Cir. 1997) ("Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.'").

However, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action." <u>TSA</u>, 92 Hawai'i at 264, 990 P.2d at 734. "'[T]he nature of a claim' is 'determined from the substance of

---

[1] Plaintiffs do not challenge Defendants' prevailing party status.

the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings.'"  S. Utsunomiya Enters, Inc. v. Moomuku Country Club, 76 Hawai'i 396, 400, 879 P.2d 501, 505 (1994).  It is well-established that "[w]hen there is a doubt as to whether the action is in assumpsit or tort, there is a presumption that the suit is in assumpsit."  Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) (quoting Leslie v. Estate of Tavares, 93 Hawai'i 1, 6, 994 P.2d 1047, 1052 (2000) (citing Healy-Tibbitts Constr. Co. v. Hawaiian Indep. Refinery, Inc., 673 F.2d 284, 286 (9th Cir. 1982))); see also Helfand, 105 F.3d at 537.  "Further, a plaintiff's prayer for attorney fees is a significant indication that the action is in assumpsit."  Id. (citing Healy-Tibbitts, 673 F.2d at 286).

Although the Court looks to the substance of the entire pleading, it must also "determine whether each individual claim alleged in a complaint sounds in assumpsit or tort."  Kona Enters. v. Estate of Bernice

Pauahi Bishop, 229 F.3d 877, 885 (9th Cir. 2000).

### i.   HRS § 667-5

HRS § 667-5, now repealed, set forth the procedures governing non-judicial foreclosures.  In Count I of the SAC, Plaintiffs alleged that US Bank lacked the authority to foreclose on the subject property.  This Court has already determined that such a claim is not in the nature of assumpsit.[2]  Pascual v. Aurora Loan Servs., LLC, Civil No. 10-00759 JMS-KSC, WL 5881972 (D. Haw. Oct. 31, 2012), adopted by Pascual v. Aurora Loan Servs., LLC, Civil No. 10-00759 JMS-KSC, 2012 WL 5881858 (D. Haw. Nov. 21, 2012).

> [W]hile this case involves and relates to
> a contract, i.e. the mortgage, the claims
> are not based on the mortgage.  It is the
> violation of § 667-5 and/or Defendant's
> ability to avail itself of § 667-5, as
> opposed to a breach of a contract, that is
> at issue.  The allegation here is that
> Defendant lacked the authority to
> foreclose because it was not the mortgagee
> and it had no relationship to the
> mortgage, not that Defendant was obligated
> under the mortgage to comply with § 667-5
> and that it breached the mortgage by

---

[2]  Defendants acknowledge this Court's prior holding.  Mem. in Supp. of Mot. at 7.

> failing to do so.  Significantly, Plaintiffs attack the very basis for the foreclosure.  Plaintiffs have not contended that Defendant failed to comply with the requirements set forth in § 667-5.  Instead, Plaintiffs' challenge is a fundamental one: whether Defendant even had the right to invoke § 667-5.  The allegations in the FAC therefore sound in tort, not assumpsit.

Pascual, 2012 WL 5881972, at *5.

As for Plaintiffs' claim in Count II that Defendants failed to comply with the terms of HRS § 667-5, the Court likewise finds that such a claim is not in the nature of assumpsit.  HRS § 667-5 governs foreclosure procedures, and the claims asserted thereunder are statutory, not in the nature of assumpsit.  As in Pascual v. Aurora Loan Services, LLC, Plaintiffs did not allege that Defendants were obligated under the Mortgage to comply with HRS § 667-5 and that they breached the Mortgage by failing to do so.  Accordingly, the fact that the statutory claims may relate to the Mortgage to some degree does not transform said claims into assumpsit claims.  Section 667-5 sets forth requirements for conducting

foreclosures and must be complied with notwithstanding the language set forth in the Mortgage.  For these reasons, the Court concludes that Plaintiffs' HRS § 667-5 claims are not in the nature of assumpsit.

### ii.  Wrongful Foreclosure

Plaintiffs' wrongful foreclosure claim was based on misrepresentation/fraud, and was evaluated as an intentional misrepresentation claim by Judge Seabright.  This claim is clearly a tort and not in the nature of assumpsit.  Kona Hawaiian Assocs. v. Pac. Group, 680 F. Supp. 1438 (D. Haw. 1988) (identifying intentional misrepresentation as a tort).

### iii.  Quiet Title

In Count IV of the SAC, Plaintiffs claimed that Defendants are without any legal or equitable right, claim, or interest in the subject property.  As a result, Plaintiffs sought a declaration that the title to the property is vested in Plaintiffs alone.  This claim was based, at least in part, on the other claims asserted in the SAC.  The Court finds that a quiet

13

title claim is not in the nature of assumpsit.  Having considered all of Plaintiffs' claims, and finding that none are in the nature of assumpsit, the Court concludes that this action is not in the nature of assumpsit.

### 2.   Contractual Attorneys' Fees Provisions

Defendants alternatively submit that they are entitled to attorneys' fees pursuant to section 9 of the Mortgage and/or section 7(e) of the Adjustable Rate Note.  The Court disagrees.  Although the Mortgage and Adjustable Rate Note may contain attorneys' fees provisions, this action is not an action on said contracts.  HRS § 607-14 authorizes the taxation of attorneys' fees "in all actions on a promissory note or other contract in writing that provides for an attorney's fee."  Haw. Rev. Stat. § 607-14.

Defendants rely on two California district court cases to support their fee request.  Both cases are distinguishable and Defendants' reliance on them is misplaced.  In <u>Tyson v. Wells Fargo Bank, N.A.</u>, No.

12-cv-593-MMA (WMc), 2012 WL 3126811 (S.D. Cal. Jul. 31, 2012), the defendants, who prevailed on motions to dismiss, sought attorneys' fees pursuant to attorneys' fees provisions in the promissory note and deed of trust.  Tyson, 2012 WL 3126811, at *3.  The allegations in that action arose out of the loan transaction and the subsequent foreclosure action, and sought to hold Wells Fargo liable for failing to fund the underlying loan with silver or gold.  Id. at *1.  The plaintiff asserted the following claims:  "(1) breach of contract, impaired covenant of good faith and fair dealing; (2) fraud and misrepresentation; (3) usury and misrepresentation; (4) wrongful foreclosure; and (5) intentional infliction of emotional distress."  Id.  Citing California Civil Code § 1717,[3] which authorizes

---

[3] Section 1717 provides:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or

the recovery of fees in an action on a contract when said contract provides that attorneys' fees and costs incurred to enforce the contract shall be awarded to one of the parties or to the prevailing party, the court awarded fees, holding that the plaintiff's claims fell within the scope of the fee clauses in the note and deed of trust. Id. at **2-3.

By contrast, this case did not allege any claims directly related to the Mortgage or Adjustable Rate Note. While it is true that all of the claims flow from the mortgage transaction to some extent, Plaintiffs' claims did not derive from the terms of the Mortgage or Adjustable Rate Note; that is, the terms of the Mortgage or Note, or failure to comply with the same, were not at issue in this litigation. The primary disputes were whether US Bank had the legal authority to foreclose; whether Defendants complied

---

> she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Id. at *2 n.1 (quoting Cal. Civ. Code § 1717).

16

with HRS Chapter 667; whether Defendants made misrepresentations related to the foreclosure; and whether the subject property should be vested in Plaintiffs alone.  None of these claims were on a promissory note or contract, as required by HRS § 607-14.

The other case cited by Defendants, Omega v. Wells Fargo & Co., No. C-11-02621 (EDL), 2012 WL 2906240 (N.D. Cal. June 26, 2012), adopted by Omega v. Wells Fargo & Co., No. C-11-02621 (EDL), 2012 WL is equally distinguishable.  There, the attorneys' fees provisions were contained in an adjustable rate mortgage note and deed of trust, both of which were at issue in the complaint.  Omega, 2012 WL 2906240, at *1. Relying on California Civil Code § 1717 and California Code of Civil Procedure §§ 1021, 1032, and 1033.5, as well as the provisions in the note and deed of trust, the court concluded that the plaintiffs' complaint, and the defendant's actions in defending against the lawsuit, appeared to fall within the attorneys' fees

17

provisions of the loan documents at issue.  Id. at *2.

As already discussed, the provisions of the Adjustable Rate Note and Mortgage were not at issue in the present action.  Therefore, Defendants may not avail themselves of HRS § 607-14 or the fees provisions in those documents.  Defendants attempt to diminish the significance of the nature of the claims asserted in both Tyson and Omega, contending that the inclusion of breach of contract claims made little or no difference to the courts.  This argument is not well taken.  Although the decisions did not detail the significance of the breach of contract claims, it is clear that the nature of the claims were evaluated and served as the basis for the fee awards.  Tyson, 2012 WL 3126811, at **3-4 ("In order to collect attorneys' fees under California Civil Code § 1717, *the contract at issue must authorize attorneys' fees* . . . Here, Plaintiff's claims fall within the scope of the fee clause in both the promissory note and the deed of trust.  Plaintiff filed suit challenging the trustee's sale on the

Property, which would have significantly affected Moving Defendants' interest in the Property. Therefore, both the promissory note and the deed of trust provide for an award of attorneys' fees in this case." (emphasis added)); Omega, 2012 WL 2906240, at **1-2 ("Defendant *relies on two provisions in the loan documents at issue* in the Complaint to justify its request for fees incurred in connection with this action . . . Plaintiffs' complaint, and Defendant's actions in defending against Plaintiffs' lawsuit, appear to fall within the attorneys fees provisions of the loan documents at issue." (emphasis added)). Because the Mortgage and Adjustable Rate Note were not at issue in this litigation, Defendants are not entitled to attorneys' fees. HRS § 607-14 simply does not provide a basis for fees in this case.

II. Costs

Defendants additionally seek $452.10 in costs. Insofar as these costs were requested in Defendants' Bill of Costs, filed on November 29, 2012, and were

taxed in full on December 26, 2012, the Court deems the request moot.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Defendants' Motion for Attorneys' Fees and Costs, filed November 29, 2012, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 28, 2013.



_____
Kevin S.C. Chang
United States Magistrate Judge

BENOIST V. U.S. BANK NATIONAL ASSOCIATION, ET AL.; CIVIL NO. 10-00350 JMS-KSC; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE AND PHH MORTGAGE CORPORATION'S MOTION FOR ATTORNEYS' FEES AND COSTS